# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 18-0162** (Cabell County 16-F-315)

**Mariya Ajena Jones,**
**Defendant Below, Petitioner**

**FILED**

**March 23, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mariya Ajena Jones, by counsel Glen D. Conway, appeals the order of the Circuit Court of Cabell County, entered on January 23, 2018, adjudging her guilty upon her conviction of one count of second-degree murder; one count of murder of a child by a parent, guardian, or custodian; one count of death of a child by a parent, guardian, or custodian; three counts of child abuse causing bodily injury; two counts of child neglect creating a substantial risk of serious bodily injury; and one count of conspiracy to commit child abuse causing bodily injury. Pursuant to the sentencing order entered on January 23, 2018, petitioner is imprisoned in the West Virginia State Penitentiary for life, without mercy, for her conviction of murder of a child by a parent, guardian, or custodian, and is serving various other sentences for the remaining convictions. Respondent State of West Virginia appears by counsel Andrea Nease-Proper.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Jones was the mother of three-year-old Jayden, whom she, along with her husband Aaron Miles, found unresponsive in the bathroom of their home after having left the boy alone. Paramedics transported Jayden to Cabell-Huntington Hospital, but determined he was dead by the time they arrived there. Jayden's autopsy identified an intestinal perforation, caused by blunt force trauma, which led to lethal septic shock. Mr. Miles and Ms. Jones were indicted on numerous charges that related to Jayden's death and the neglect of other children in the home. Both Mr. Miles and Ms. Jones were found guilty after a jury trial of most of the indicted charges, including murder of a child by a parent, guardian, or custodian, upon which count Ms. Jones was sentenced to a term of imprisonment for life in the West Virginia State Penitentiary, without mercy. On appeal, Ms. Jones assigns error to the circuit court's judgment in two respects. She argues, first, that the circuit court erred in denying her pretrial motion to sever the trial of the co-defendants because the joinder compromised Ms. Jones' ability to cross-examine Mr. Miles about a prior statement. She argues,

1

second, that the circuit court erred in failing to exclude gruesome and prejudicial photographs of Jayden's body.

We begin with Ms. Jones' first assignment of error, wherein she asserts that the joinder of her trial to that of Mr. Miles was prejudicial. We have unequivocally explained that "[a] trial court should grant a severance under Rule 14(b) of the West Virginia Rules of Criminal Procedure only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." Syl. Pt. 5, *State v. Boyd*, 238 W. Va. 420, 796 S.E.2d 207 (2017). We review the circuit court's determination on this question for abuse of discretion resulting in clear prejudice. *Id.* at 431, 796 S.E.2d at 218. Ms. Jones argues broadly that the joint trial infringed on her confrontation rights, guaranteed by the Sixth Amendment to the United States Constitution. In so arguing she states, without citation to authority, that "[t]he admission of one defendant's out-of-court statement against another is inherently unconstitutional, absent being subjected to meaningful cross-examination. . . ." However, Ms. Jones also acknowledges that Mr. Miles testified at the trial and states that she would "never have had the opportunity to cross-examine [Mr.] Miles about his statements" to the police had Mr. Miles not chosen to testify. In so arguing, Ms. Jones has failed to identify a "specific trial right" denied her and we, therefore, find that the circuit court did not abuse its discretion in denying Ms. Jones' motion to sever the trial.

In her second assignment of error, Ms. Jones argues (briefly and without specificity) that she was prejudiced by "admitted photographs [that] are incredibly gruesome and depict horrific injuries to a child." These photographs, she argues, are not limited to depictions of the fatal injury. We have explained:

> Rule 401 of the West Virginia Rules of Evidence requires the trial court to determine the relevancy of the exhibit on the basis of whether the photograph is probative as to a fact of consequence in the case. The trial court then must consider whether the probative value of the exhibit is substantially outweighed by the counterfactors listed in Rule 403 of the West Virginia Rules of Evidence. As to the balancing under Rule 403, the trial court enjoys broad discretion. The Rule 403 balancing test is essentially a matter of trial conduct, and the trial court's discretion will not be overturned absent a showing of clear abuse.

Syl. Pt. 10, *State v. Derr*, 192 W. Va. 165, 451 S.E.2d 731 (1994). It is true that the admitted photographs depict more than the intestinal rupture underlying Jayden's death. As noted above, Ms. Jones was tried on numerous charges related to the abuse of her son. Photographs admitted into evidence were used to explain the fatal intestinal injury, as well as numerous other injuries confirming the long-term abuse inflicted on the child. Numerous scars and contusions on all areas of the body, two black eyes, an abrasion over the nose, a bruised jaw, several burns to Jayden's chest and hands and other areas, an inner-mouth injury, several subgaleal hemorrhages, a fractured rib, a leg muscle hardened from blunt force trauma, and a hemorrhage in the bowel area not only indicated that Jayden was hit forcefully and often, but also supported the State's theory (as offered through expert witness testimony) that any adult living in the home would have known of and participated in the horrors to which Jayden was subjected. There was no error in the admission of the photographs.

For the foregoing reasons, we affirm.

Affirmed.


**ISSUED:** March 23, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison